69 F.3d 553
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re GLAXO, INC., Glaxo Group Limited, and Allen & Hanburys
Limited, Petitioners.
 Misc. No. 443.
 United States Court of Appeals, Federal Circuit.
 Oct. 6, 1995.
 
 Before SCHALL, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 Glaxo, Inc. et al. petition for a writ of mandamus to direct the United States District Court for the District of Maryland to vacate its order granting Genpharm[1] a jury trial and to stay the trial. Genpharm opposes.
 
 
 2
 Glaxo sued Genpharm for infringement after Genpharm filed an Abbreviated New Drug Application certifying that it believed that all of the claims of Glaxo's patent were invalid and unenforceable. Genpharm counterclaimed for a declaration of invalidity and unenforceability. Eventually, a second patent was added to the suit.
 
 
 3
 Genpharm sought a jury trial. Glaxo opposed. The district court determined that the jury demand was valid, but, in view of the differing opinions on the issue, determined to "prepare its own answers to the Rule 49(a) questions." The jury trial is scheduled to commence on October 16, 1995. In its petition to this court, Glaxo requests "a writ of mandamus directing the District Court to try this action as a bench trial, without a jury, and for a stay of trial pending disposition of this Petition, and the Supreme Court's resolution of Lockwood (and/or SGS-Thompson, Misc. No. 428 (Fed. Cir. 1995) if its certiorari Petition is granted)."[2]
 
 DISCUSSION
 
 4
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp., 449 U.S. at 35. Despite the extraordinary nature of the writ, it is "the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury." Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472 (1962). Thus, when a district court denies a demand for a jury trial, an appellate court must decide whether such a right exits. On the other hand, "no similar [constitutional] requirement protects trials by the court ...." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510 (1959). Thus, when a district court grants a demand for a jury trial, the complaining party does not have any special right to review by mandamus. Moreover, as noted above, the district court apparently will be conducting a "parallel" bench trial, the results of which may be the same as the jury trial. At the least, it appears that the district court at this point is leaving its options open on the jury trial issue.[3] Under these circumstances, we cannot say that Glaxo is in a situation where it is entitled to the "drastic" remedy of mandamus.
 
 
 5
 In apparent acknowledgement that a district court's determination to try issues before a jury does not present a compelling case for the use of mandamus, Glaxo cites Schlagenhauf v. Holder, 379 U.S. 104, 111 (1964) for the proposition that mandamus is appropriate to "settle new and important problems." However, Schlagenhauf does not stand for such a broad proposition. In Schlagenhauf, the Supreme Court stated that, under the "unusual circumstances" of that case, mandamus was an appropriate remedy to address "a substantial allegation of usurpation of power in ordering [an] examination of the defendant, an issue of first impression ... in a new context." Id. at 111. Glaxo has alleged no such circumstances here.
 
 
 6
 Glaxo also argues that other circuit courts have exercised mandamus authority to decide questions of significant importance. While such authority may be appropriate in certain circumstances, we decline to exercise such discretionary authority here. See Schlagenhauf, 379 U.S. at 112 n.8 ("[t]he issuance of the extraordinary writ is itself generally a matter of discretion"). We are not persuaded that the issues presented by this petition justify review by mandamus. Genpharm may argue on appeal, if appropriate, that the issues at trial should not have been decided in whatever manner they may be decided by the district court.
 
 
 7
 Generally, mandamus should be used to correct errors of which there could be no effective review later and should not merely be used as a substitute for appeal. Schlagenhauf, 379 U.S. at 110. Glaxo has not shown that review of the method of trial could not be obtained after final judgment or that it is necessary to use mandamus to protect the constitutional right to trial by jury. Finally, Glaxo has not shown why this action should be stayed pending action by the Supreme Court in other cases.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) Glaxo's petition for a writ of mandamus is denied.
 
 
 10
 (2) Glaxo's motion to stay the trial is denied.
 
 
 
 [1]
 Counsel for Genpharm states in his certificate of interest that he represents Genpharm, Inc. We note that the district court's caption refers to Genpharm Pharmaceuticals, Inc. For purposes of this petition, we refer to the party as Genpharm
 
 
 [2]
 Glaxo also filed a suggestion for hearing in banc of its petition. The court denied Glaxo's suggestion on September 20, 1995. The Supreme Court recently vacated In re Lockwood, 50 F.3d 966 (1995), vacated, remanded sub nom. American Airlines v. Lockwood, 64 U.S.L.W. 3182 (U.S. Sept. 1, 1995)
 
 
 [3]
 It does not appear that the district court has committed to using either the jury's responses or its own responses to the Fed. R. Civ. P. 49(a) questions